**Gene HASTIE, Appellee,**

**v.**

**Roe VAN METER and Mrs. Roe Van Meter, Appellants.**

**No. 54267.**

Supreme Court of Iowa.

Feb. 9, 1971.

Ronald L. Sutphin and Michael G. Shepherd, Des Moines, for appellants.

William H. Joy and Richard L. Poffenberger, Perry, for appellee.

MOORE, Chief Justice.

In this forcible entry and detainer action the trial court entered a decree granting plaintiff possession of the realty described in the pleadings and ordering defendants' removal therefrom. Defendants have appealed. We affirm.

Defendants assert the trial court erred in finding they were tenants and not purchasers of the property from plaintiff through their alleged oral conditional real estate contract. We do not reach the evidentiary question which is also raised in defendants' brief.

In March 1966 plaintiff purchased the property in question which lies just south of the town of Rippey in Greene County.

In September 1966 he by verbal agreement rented to defendant, Roe Van Meter, four or five cattle pens in plaintiff's barn for $60 per month. This agreement continued until May 1967 when the agreement was amended in that Van Meter orally rented the entire barn at $150 per month.

Following plaintiff's investment of $3000 in an apartment on the premises both defendants began living there in December 1967 and the rent was increased to $200 per month. Defendants became delinquent in their payments for September through December 1968 but on plaintiff's demand became current thereafter until September 1969. They paid nothing for September through December 1969 and after giving a notice to quit, plaintiff filed his petition seeking possession of the realty involved.

Defendants' answer alleged they were owners and in possession of the described realty "by virtue of an agreement entered into by and between the Plaintiff and the Defendants on or about October 1st, 1967, said oral agreement for the sale of said property was to the effect that Defendants pay $3,000.00 down at the rate of $200.00 per month all of which said Defendants have done". By amendment defendants alleged the purchase price was $12,000 and the $200 monthly payments had totaled more than $3000 but plaintiff had refused to execute a written contract as agreed. Plaintiff's reply denied all these allegations.

The record discloses no dispute regarding the rental agreements and that defendants paid nothing after September 1969. The pointed issue on this appeal is whether the parties on or about October 1, 1967 entered into an oral agreement for the sale of the realty as affirmatively alleged by defendants.

■ I. It is a well established rule of this court that an oral agreement for a conveyance of land, or the transfer of an interest therein, must be established by clear, convincing and satisfactory evidence. Vrba v. Mason City Production Credit

Ass'n, 248 Iowa 264, 268, 80 N.W.2d 495, 498; Vanston v. Rupe, 244 Iowa 609, 618, 57 N.W.2d 546, 551; Williams v. Chapman, 242 Iowa 294, 307, 46 N.W.2d 56, 63, and citations.

Plaintiff testified in detail regarding the rental agreements between the parties and nonpayment of rent after September 1969. On cross-examination plaintiff stated he had talked with Van Meter regarding his purchase of the premises but no agreement was ever made. Plaintiff paid the real estate taxes and made repair on the premises at all times here involved. He mowed weeds and cleaned up the premises subsequent to October 1, 1967.

The record of defendant Roe Van Meter's testimony includes:

"Q. Mr. Van Meter, why was it, if you did, you stopped making payments in September of '69 on the subject property? A. Because I reached our agreement.

"Q. Beg your pardon? A. I had reached my agreement.

"Q. What was this agreement? A. $3,-000 down and 32 something for building the rooms in the premises."

His trial attorney, not his attorneys here, did not pursue further the terms of the claimed oral agreement.

Mrs. Van Meter testified she heard her husband and plaintiff talking about the property and the possibility of entering into a contract. She knew nothing about what the terms would be.

Over plaintiff's "hearsay" objection Mr. Van Meter's attorney related a conversation with Van Meter regarding preparation of a contract for the purchase of the property from plaintiff and the proposed terms thereof. Defendant advised his attorney plaintiff would be in regarding drawing of a contract. Assuming arguendo no objection was made, the attorney's testimony did not add enough to establish the claimed oral agreement. Plaintiff never made such a visit to the attorney's office and denied any knowledge of such a proposal.

 II. Our review in this equity action is de novo. Rule 344, Rules of Civil Procedure. We give weight to the fact findings of the trial court but are not bound by them. Rule 344(f) 7, R.C.P.

Our consideration of the entire record requires the same conclusion as that reached by the trial court. The oral contract claimed by defendants was not shown by the quantum and quality of proof required by the rules stated above. The judgment and decree of the trial court is affirmed.

Affirmed.

All Justices concur.